Mr. Justice Clayton
delivered the opinion of the court.
This was a judgment by default, in the circuit court of Lowndes county; but numerous grounds are now taken for the reversal of the judgment.
The 'service of the writ was acknowledged, and it is now insisted, that there was not sufficient evidence of the service, to authorize the rendition of the judgment. The entry of the judgment itself recites that there was proof of the acknowledgment of the service. This recital of a jurisdictional fact in the judgment, is prima facie sufficient. Saffarans v. Terry, decided at this term of the court. In the cases heretofore determined, it did not appear from the judgment, that there had been *553 proof of the service. Harvie v. Bostich, 1 How. 106; Bozman v. Brower, 6 How. 43.
The next objection is to the writ. It was issued on the 6th of October, 1S47, and was made returnable on the second Monday-after the fourth Monday of September next. It is contended, that this "postponed the return day till October, 1848, and did not justify the judgment in October, 1847. The writ bore teste on the second Monday after the fourth Monday in March, 1847, in obedience to the law which requires writs “ to be tested in the name of the presiding judge, and to bear teste on the first day of the term next preceding that to which the same may be made returnable.” The clerk is also directed to mark the day of issuance. Hutch. Code, 835. The language in the body of the writ refers to the teste and in contemplation of law the writ relates to the first day of the preceding term. This writ was then properly returnable to the October term, 1847, and any other construction would render it inoperative. But still the doctrine of relation does not preclude an inquiry into the true date of the issuance, when necessary'for the ends of justice. Murfree v. Carmack, 5 Yerg. 270. Thus if .the writ be issued within five days of the commencement of the next term of the court, it must be returned to the succeeding term. It may be requisite, too, to show that the writ issued before the cause of action accrued. In these, and perhaps in other instances, the true date becomes important. We shall say more in conclusion upon this latter point.
The next objection is, that the judgment by default was taken on the third day of the term. We can see no error in this sufficient to reverse. If it were taken before the time allowed for pleading had expired, the court should afterwards have set it aside, if the defendants had applied for the purpose, and had asked leave to plead. As there was no such application, the judgment will not be reversed on that ground.
The remaining objection is, that the writ was issued before the days of grace upon the note had expired, and that consequently the suit was prematurely brought. This objection is fatal, either upon a plea in abatement, upon demurrer, or upon *554 a, motion for nonsuit, in the English law. 1 Chit. PI. 453; Comyn, Dig. Abatement,'G., C. In this country there is no such thing as a compulsory nonsuit, if the party insists that, a jury shall pass upon his case. But what by the English practice would be good ground to compel a. party to take a nonsuit, would in our law be good reason for a verdict against him; that is, where the parties have entered upon the trial. It is insisted, however, that our statute in regard to amendments, cures this defect after a judgment by default. Its words are, “ No judgment after verdict, or by nil dicit, shall be reversed for any defect in the writ, or for any defect whatsoever, in the declara-ration or pleading, either of form or of substance, which might have been taken advantage of by a demurrer.” Hutch. Code, 847. These terms are very comprehensive, and cure almost every conceivable defect in the proceedings. But we do not think they embrace a case in which the writ and declaration show, that, at the time of .the commencement of the suit, the cause of action had not accrued. That is a defect which rises above the writ and declaration, and is not inherent in them. It shows tbe party had no right to sue out either, and the utmost perfection of their form could not aid the total absence of cause of action.
We held this defect to be fatal at the last term of the court, in Wiggle et al. v. Thomason, 11 S. & M. 452, and farther investigation has more thoroughly convinced us the decision was right.
Judgment reversed and cause remanded.